UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:18-cr-73-TMR-7 |
| v. | : | Judge Thomas M. Rose |
| JAMES E. LEESON, JR., | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT JAMES E. LEESON'S APPLICATION FOR SEALING (DOC. NO. 134)**

---

Presently before the Court is Defendant James E. Leeson's ("Defendant") Application for Sealing ("Motion") of his conviction for Supplemental Nutrition Assistance Program ("SNAP") fraud in violation of 7 U.S.C. § 2024(b).  (Doc. No. 134.)  In opposition, the Government argues that Defendant has failed to identify any extraordinary circumstances that warrant sealing his conviction.  (Doc. No. 135 at PageID 473.)

For the reasons explained below, the Court **DENIES** the Motion.

I.   BACKGROUND

On May 22, 2018, an indictment was filed charging Defendant with four separate counts: Count 1- conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); Count 2 - conspiracy in violation of 18 U.S.C. §§ 371 and 1349; Count 4 – SNAP fraud in violation of 7 U.S.C. § 2024(b) and Count 8 – wire fraud in violation of 18 U.S.C. § 1343.  (Doc. No. 10.)  On March 20, 2019, Defendant pled guilty to Count 4, a misdemeanor offense for defrauding SNAP in violation of 7 U.S.C. § 2024(b).  (Doc. No. 75 at PageID 232.)  Defendant was sentenced on

August 8, 2019, to one year of probation, payment of a $25 special assessment, and payment of $400 in restitution (to be paid joint and severally with his co-defendants).  (Doc. No. 108.)

On August 18, 2023, Defendant filed the present Motion seeking to have his conviction under 7 U.S.C. § 2024(b) sealed.  (Doc. No. 134.)  The Government filed its opposition on August 21, 2023.  (Doc. No. 135.)  Defendant's time to file a reply expired on September 7, 2023.  Therefore, the Motion is ripe for review and decision.

## II.     ANALYSIS

Defendants Motion seeks to have his conviction under 7 U.S.C. § 2024(b) sealed, ostensibly because he has been rehabilitated and it would be "consistent with public interest." (Doc. No. 134 at PageID 467.)  The Government argues in opposition that it has an interest in maintaining accurate public records of arrests, indictments, and convictions.  (Doc. No. 135 at PageID 473.)  Moreover, the Government argues that Defendant has not identified any extraordinary circumstances warranting the sealing of his conviction when weighed against the Government's interests.  (*Id*.)

For a federal district court, "'there is no distinction between sealing and expunging a criminal record.'"  *United States v. Townsend*, 2:09-cr-118, 2014 U.S. Dist. LEXIS 64376, at *6-7, 2014 WL 1884229, at *3 (S.D. Ohio May 9, 2014) (quoting *Cline v. United States*, No. 2:93–cr–94, 2009 U.S. Dist. LEXIS 76943, at *1, 2009 WL 2475264, at *1 (S.D. Ohio Aug. 12, 2009).  Certain statutes permit the sealing or expunging of criminal records under limited circumstances.  *United States v. Roberts*, No. 1:95-cr-292, 2019 U.S. Dist. LEXIS 195906, at *2, 2019 WL 5887593, at *1 (N.D. Ohio Nov. 12, 2019) (citing *United States v. Lucido*, 612 F.3d 871, 874 (6th Cir. 2010)).  The only other means by which a court may entertain a request to seal is under its ancillary jurisdiction, which governs "proceedings that are related to, but technically separate

from, the original case over which the court had subject-matter jurisdiction." *Roberts*, 2019 U.S. Dist. LEXIS 195906, at *3, 2019 WL 5887593, at *2 (quoting *United States v. Field*, 756 F.3d 911, 914 (6th Cir. 2014)). "A district court's ancillary expungement power is rarely exercised, and courts 'have most readily invoked [this] power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct.'" *Roberts*, 2019 U.S. Dist. LEXIS 195906, at *4, 2019 WL 5887593, at *2 (quoting *United States v. Robinson*, 79 F.3d 1149, at *2 (6th Cir. 1996)).

Defendant does not allege that a statute permits the sealing of criminal conviction. Nor does he allege that his conviction was illegal, unconstitutional, or the result of misconduct by the Government. Moreover, the Court is unable to conclude that Defendants opaque citation to the "public interest" outweighs the Government's "'long-recognized interest in maintaining complete criminal records,' which help promote effective law enforcement and meet the 'compelling public need for an effective and workable criminal identification procedure.'" *Townsend*, 2014 U.S. Dist. LEXIS 64376, at *8, 2014 WL 1884229, at *3 (quoting *United States v. Wiley*, 89 F. Supp. 2d 909, 912 (S.D. Ohio 1999)). In short, the record is devoid of the extraordinary circumstances that could justify sealing Defendant's conviction.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Application for Sealing (Doc. No. 134).

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, September 8, 2023.

s/Thomas M. Rose

_____<br>
THOMAS M. ROSE<br>
UNITED STATES DISTRICT JUDGE